UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marie Encar Arnold,

        Plaintiff

v.

United States of America, et al.,

        Defendants

Case No. 2:24-cv-01856-CDS-NJK

**Order Overruling Objection, Adopting the Report and Recommendation of the Magistrate Judge, and Closing Case**

[ECF No. 9, 12, 13]

Plaintiff Marie Encar Arnold, proceeding pro se, initiated this action on November 4, 2024.[1] ECF No. 1. On December 10, 2024, United States Magistrate Judge Nancy J. Koppe issued a report and recommendation (R&R) that this action be dismissed with prejudice for failing to state a cognizable claim. R&R, ECF No. 9. Arnold filed an objection to the R&R on December 16, 2024. Obj., ECF No. 13. For the reasons set forth herein, I overrule the objection and adopt the R&R in its entirety.

**I.     Legal Standard**

A party may file specific written objections to the findings and recommendations of a magistrate judge made pursuant to Local Rule IB 1-4; 28 U.S.C. § 636(b)(1)(C); LR IB 3-2(a). Upon the filing of such objections, the Court must make a de novo determination of those portions to which specific objections are made. LR IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

---

[1] This action was initially referred to the magistrate judge pursuant to General Order 2023-11. *See* ECF No. 3. The R&R recommends dismissal, the Clerk of Court assigned a district judge to resolve the R&R and any objections thereto. *See* R&R, ECF No. 9 at 1 n.1 (discussing General Order 2023-11 at 3).

## II. Discussion

A review of Arnold's objections reveal that she lodges a general objection to the entire R&R. "Numerous courts have held that a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object." *Alcantara v. McEwen*, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (collecting cases). To constitute a specific objection, it must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *See Sullivan v. Schriro*, 2006 WL 1516005, at *1–2 (D. Ariz. May 30, 2006). Arnold fails to lodge specific objections. Unfortunately, much like the complaint Judge Koppe recommends I dismiss with prejudice, Arnold's objections are difficult to follow. Moreover, the objections do not provide any points and authorities demonstrating that the magistrate judge's determination was erroneous. Although I need not conduct a do novo review based on Arnold's general objection to the R&R, I nonetheless reviewed the complaint and the R&R and have determined that Arnold indeed fails to state a cognizable claim.

Under 28 U.S.C. § 636, magistrate judges are assigned the responsibility of screening *in forma pauperis* complaints to alleviate the burden on the federal judiciary. 28 U.S.C. § 636(b)(1)(A). Section 1915 governs proceedings *in forma pauperis* and directs a court to dismiss a case at any time it determines that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from that relief. Pro se pleadings, however, must be liberally construed. 28 U.S.C. § 1915(e)(2). *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Federal Rules require dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court applies the same standard under 28 U.S.C. § 1915 when reviewing the adequacy of a pro se complaint. However, when a court

dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that "the deficiencies could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

As is explained in the R&R, the complaint sets forth a "delusional factual scenario and a nonexistent legal interest," for which Arnold seeks almost $3,000,000 as relief. ECF No. 9 at 2. The objections do not clarify what claims she is bringing in this action. A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint asserts difficult to discern conclusory allegations that Arnold's rights have been violated. ECF No. 1-1 at 1–12. Judge Koppe properly determined that Arnold failed to state a claim upon which relief can be granted. Because no amendment would cure the complaint's deficiencies, granting Arnold leave to amend would be futile, so it was appropriately denied. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (A district court does not err in denying leave to amend where the amendment would be futile). As a result, I overrule Arnold's objections and adopt Judge Koppe's R&R in full. This action is now dismissed with prejudice.[2]

### III. Conclusion

IT IS THEREFORE ORDERED that Arnold's objection **[ECF No. 13] is overruled**. The report and recommendation of the magistrate judge **[ECF No. 9] is adopted in full**, and thus Arnold's complaint **[ECF No. 1-1] is DISMISSED with prejudice**.

---

[2] Because this action is dismissed with prejudice, Arnold's renewed IFP application is denied as moot.

3

IT IS FURTHER ORDERED that Arnold's renewed IFP application **[ECF No. 12] is denied as moot.**

Because the complaint contains personal-data identifiers, the Clerk of Court is kindly directed to (a) correct the image of the complaint and its exhibits (ECF No. 1-1) with a redacted version; and (2) seal ECF No. 1-1 pursuant to LR IC 6-1 and Fed. R. Civ. P. 5.2. The Clerk of Court is also directed to close this case.

Dated: December 23, 2024

_____
Cristina D. Silva
United States District Judge